SPAULDING LUMBER COMPANY, Respondent, *vs.* STOUT and another, Appellants.

*September 11 — September 26, 1893.*

*Sale of chattels: Modification of contract: Agency: Ratification.*

Purchasers of cedar posts are *held* to have been bound by a modification of the original contract of purchase, made on their behalf by an agent having general authority to purchase posts for them, it appearing that such modification was necessary in order to obtain more than a small quantity of posts, and that the report of the purchasers' inspector, accepted and acted upon by them, was entirely inconsistent with the theory that the original, and not the modified, contract was in force.

APPEAL from the Circuit Court for *Winnebago* County.

The plaintiff is a corporation of the state of Michigan, and a dealer in lumber and timber at Cedar River and Spaulding in that state. The defendants are partners, doing business in Lincoln, Neb. This action is to recover the contract price of forty-nine car loads of cedar paving posts shipped by plaintiff to defendants, and received by the latter at Lincoln.

Spaulding Lumber Co. vs. Stout and another.

In August, 1888, the parties entered into a contract whereby it was agreed that plaintiff should ship to defendants at Lincoln from five to ten car loads of cedar paving posts, to be there inspected by defendants, and if they proved satisfactory the defendants agreed to take of plaintiff forty car loads of such posts. The price agreed upon was thirty cents for each post six inches in diameter and eight feet long, and in that proportion for posts of greater or less length and diameter, according to a well-established trade schedule of relative prices therefor upon the basis of thirty cents each for six-inch by eight feet posts.

The plaintiff alleges, and gave testimony tending to prove, that in September following, and after several car loads of posts had been shipped to defendants under such contract, the parties modified the contract, and agreed upon the price for the posts, to be delivered on the cars at Spaulding, as well for those which had already been shipped as those which should thereafter be shipped. Such new agreement fixed the price at the place of shipment, to wit, at Spaulding, Mich., net on board the cars, of all five-inch posts eight feet long and over, at fifteen cents each, and also for sizes of less length or diameter, as follows: four inches by seven feet, seven and one-half cents each; four inches by eight feet, eight and one-half cents; five inches by seven feet, twelve and one-half cents,— the inspection to be made at Lincoln. Also that defendants caused the posts to be inspected at Lincoln, and furnished the plaintiff with a statement of the result of such inspection.

The cause was referred to a referee to hear, try, and determine the same. It was tried before such referee, who found that the contract was modified as claimed by the plaintiff, and that the defendants had the posts inspected at Lincoln and furnished the plaintiff the report of such inspection. The referee adjusted the account between the parties on the basis of the modified contract and such in-

spection report, finding that the report was correct, and found that the defendants were indebted to the plaintiff for the contract price of the posts thus shipped to them (rejecting culls), and for interest on such price, $4,007.41. The circuit court confirmed the report of the referee, and gave judgment for plaintiff for the amount thus found to be due it from the defendants.

The defendants appeal from the judgment.

For the appellant *Buckstaff* there was a brief by *Finch & Barber*, and oral argument by *Henry Barber*.

For the respondent there was a brief by *Thompsons, Harshaw & Davidson*, and oral argument by *A. E. Thompson*.

Lyon, C. J. The testimony in the case is voluminous and conflicting. There is no controversy concerning the terms of the original contract entered into by the parties in August, 1888. The principal controversy is upon the questions of the making of the alleged modified contract of September, 1888, and the accuracy of the alleged inspection report of the posts at Lincoln, which are the basis of the judgment. We can make no extended statement or enter into any extended discussion of the testimony. It must suffice to say that the testimony has been sufficiently examined, and we are satisfied from such examination that the findings of the referee are supported by a preponderance of the testimony, and were properly confirmed by the court if the defendants are bound by the modified contract.

One Hoile acted as agent for defendants in making the modified contract. His authority to do so and to bind the defendants thereby is denied. It quite satisfactorily appears that he was the general agent of defendants to purchase paving posts in northern Michigan, and that it was necessary thus to modify the contract in order to obtain

from plaintiff more than about thirteen car loads of posts. But in addition to this, and as tending to prove that the defendants accepted and adopted the modified contract, it appears that the inspection report made by their chosen inspector, and accepted and acted upon by them, made no discrimination of posts of greater diameter and length than five inches and eight feet, but massed or aggregated all such under one head. It also classified all the remainder of the posts under the three other specific heads of the modified contract, to wit: four inches by eight feet; four inches by seven feet; and five inches by seven feet. All this is entirely inconsistent with the theory that the original, and not the modified, contract was being acted upon by defendants. The inspection report furnishes no adequate basis for ascertaining the price of the posts under the original contract. We have no difficulty in holding defendants bound by the modified contract.

The judgment of the circuit court is fully supported by the findings of the referee. Those findings being upheld, the judgment cannot be disturbed.

*By the Court.*— Judgment affirmed.